**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

KIM L. FISHER, )
)
    Plaintiff, )
)
v. )   C.A. No. N20C-07-029 EMD
)
EMORY HILL REAL ESTATE )
SERVICES, INC., et al., )
)
    Defendants. )

**MEMORANDUM OPINION GRANTING DEFENDANT STATE OF DELAWARE'S MOTION FOR SUMMARY JUDGMENT**

This is a civil action involving a personal injury claim. On January 20, 2021, Ms. Fisher filed an amended complaint alleging that she sustained personal injuries because of a trip and fall due to the negligence of Defendant Emory Hill Real Estate Services, Inc. ("Emory Hill") and Defendant State of Delaware (the "State").[1]

The State filed its Motion for Summary Judgment, including all supporting affidavits and documents (the "Motion") on April 27, 2021.[2] The State argued that it is entitled to judgment because Ms. Fisher's suit is barred by the doctrine of sovereign immunity. Ms. Fisher contested the Motion and filed her Plaintiff's Response to Defendant State of Delaware's Motion for Summary Judgment (the "Response").[3] The State then submitted its Defendant State of Delaware's Reply in Support of Its Motion for Summary Judgment (the "Reply").[4] The Court held a hearing on the Motion, the Response and the Reply on the July 8, 2021.[5] At the end of the hearing, the Court ordered the State to provide additional discovery to Mr. Fisher.

---

[1] D.I. No. 7 ("Am. Compl.").
[2] D.I. No. 16.
[3] D.I. No. 17.
[4] D.I. No. 24.
[5] D.I. No. 25.

The State filed its Notice of Service of Defendant State of Delaware's Response to Interrogatories and Request for Production Resulting from July 8, 2021 Oral Argument.[6]  The State also submitted the Verification of Debra Lawhead on July 20, 2021.[7]  The Court received an e-mail from Katherine L. Hemming, Esq., to the Honorable Eric M. Davis on November 22, 2021.

The Court has considered the Motion, the Response, the Reply and the parties' arguments made at the July 8, 2021 hearing.  In addition, the Court has reviewed the parties' supplemental submissions and the entire record of this civil action.  For the reasons set forth below, the Court **GRANTS** the Motion.

## I.      INTRODUCTION

On January 20, 2021, Ms. Fisher filed an amended complaint alleging that she sustained personal injuries because of a trip and fall due to the negligence of Emory Hill and the State.  On February 16, 2021, Emory Hill filed an answer to the Amended Complaint, denying it was liable for any damages suffered by Ms. Fisher.[8]  In addition, Emory Hill included a crossclaim against the State if the Emory Hill is held liable to Ms. Fisher.[9]

In the Amended Complaint, Ms. Fisher argues that she suffered injuries from a fall due to the negligence of Emory Hill and the State.[10]  Ms. Fisher claims that Emory Hill and the State were negligent in that they (i) permitted defective mat to exist on the floor of their premises, (ii) failed to properly and reasonably inspect the premises, (iii) failed to warn Ms. Fisher of the existence of a defective mat on the floor of their premises, (iv) failed to make its premises safe

---

[6] D.I. No. 26.
[7] D.I. No. 26.
[8] D.I. No. 9.
[9] D.I. No. 9.
[10] Am. Compl. ¶¶ 5,6.

and secure for business invitees such as Ms. Fisher; (v) failed to properly train their employees; and (vi) were otherwise negligent as further discovery may demonstrate.[11]

On or about March 13, 2020, Ms. Fisher was a business invitee at the Pencader Department of Labor in Newark, Delaware.[12]  Emory Hill, upon information and belief, is the owner and/or management company of the property.[13]  The State, upon information and belief, leased the above-mentioned property.[14]  While on the premises, Ms. Fisher allegedly slip and fell on a mat.[15]  As a result of the fall, Ms. Fisher allegedly incurred medical expenses in the amount of $31,003.53 plus future expenses.[16]  Ms. Fisher claims that the alleged fall was a result of the defendants' negligence.[17]  Thus, Ms. Fisher demands judgment against Emory Hill and the State, jointly and severally, for personal injuries, pain and suffering, past and future medical expenses, interest pursuant to 6 *Del. C.* § 2301(d), and court costs.[18]

On March 18, 2021, the State filed an answer to the Amended Complaint, denying liability for the claims asserted by Ms. Fisher.[19]  The State also filed a crossclaim against Emory Hill and denied all allegations in Emory Hill's crossclaims.[20]  Emory Hill then filed an answer to the State's crossclaims denying all present or future crossclaims that may be asserted.[21]

On April 27, 2021, the State filed the Motion, seeking relief under Superior Court Civil Rule 56.  The Motion is supported by the affidavit of Debra Lawhead (the "Lawhead Affidavit").  Ms. Fisher then filed the Response.  Finally, the State filed the Reply on June 4, 2021.  The Court held a hearing on the Motion on July 8, 2021.  At the end of the hearing, the Court instructed Delaware to provide certain discovery to Ms. Fisher.  The discovery would

---

[11] Am. Compl. ¶ 6.
[12] Am. Compl. ¶ 4.
[13] *Id.* ¶ 2 (this is a JD preference, not necessarily "proper Bluebook").
[14] Am. Compl. ¶ 3.
[15] Am. Compl. ¶ 5.
[16] Am. Compl. ¶ 8.
[17] Am. Compl. ¶¶ 5,6.
[18] Am. Compl. ¶ 8.
[19] D.I. No. 11.
[20] D.I. No. 11.
[21] D.I. No. 13.

supplement the Lawhead Affidavit and provide Ms. Fisher with additional information on insurance and waiver.

## II.    STANDARD OF REVIEW

The standard of review on a motion for summary judgment is well-settled.  The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[22] Summary judgment will be granted if, after viewing the record in a light most favorable to a nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[23]  If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[24]  The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[25]  If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[26]

## III.    DISCUSSION

The State argues that it is entitled to summary judgment because Ms. Fisher's suit is barred by the doctrine of sovereign immunity.[27]  Delaware contends that the Delaware Constitution states that suits may be brought against the state "according to such regulations as

---

[22] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).
[23] *Id.*
[24] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *see also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").
[25] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).
[26] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).
[27] Def. The State of Delaware's Mot. for Summ. J.

4

shall be made by law."[28]  Sovereign immunity may be waived by a clear and specific act by the General Assembly.[29]  Title 18, Section 6511 specifies that sovereign immunity is waived to the extent that either the State insurance coverage program was funded by direct appropriation (self-insurance) or that the State purchased commercially available insurance to cover the loss.[30]  In addition to overcoming sovereign immunity, the State must (1) waive immunity, and then (2) the State Tort Claims Act ("STCA") must not otherwise bar the action.[31]  Before the Court considers the STCA, there must be a waiver of liability first.[32]

The State relies upon the Lawhead Affidavit and, after the hearing, its discovery responses.  Ms. Lawhead, as the Insurance Coverage Administrator of the State of Delaware, frequently provides affidavits to demonstrate that the State is uninsured.  The State commonly presents similar affidavits and evidence to establish a lack of insurance and to show that the State did not waive its sovereign immunity.

The  Court often uses affidavits like the Lawhead Affidavit to conclude that the State did not have insurance to cover a loss, and have granted summary judgment for the State on grounds of sovereign immunity.  Although the Court occasionally finds that the State waived sovereign immunity when the State relies upon an affidavit,[33] in those cases the affidavit admitted the existence of insurance or a waiver.  Here, the Lawhead Affidavit clearly states that there is no insurance applicable to Ms. Fisher's claim.  The Court consistently considers sworn affirmations

---

[28] Del. Const. art. I, § 9.

[29] *Turnbull v. Fink*, 668 A.2d 1370, 1376–77 (Del. 1995) (citing *Raughley v. Department of Health & Social Services,* Del. Super., 274 A.2d 702 (1971).

[30] *Zak v. GPM Investments, LLC*, 2013 WL 1859344, at *2 (Del. Super. Apr. 30, 2013) (citing *Pauley v. Reinoehl,* 848 A.2d 569, 573 (Del. 2004).

[31] *McCafferty v. Delaware Dep't of Transp.*, 2013 WL 6114832, at *5 (Del. Super. Nov. 19, 2013) (citing *Barnes,* 33 A.3d at 913)

[32] *Id.*

[33] *See, e.g., Zak*, 2013 WL 1859344, at *2.

like this to find that the State has not waived its sovereign immunity under 18 *Del. C.* § 6511.[34]

In addition, the State provided discovery responses to Ms. Fisher that supported the Lawhead Affidavit.

### IV.    CONCLUSION

While the Court may have found in unique circumstances that sovereign immunity had been waived when Delaware has solely relied upon an affidavit, the instant case is not one of those instances. The Court finds that the Lawhead Affidavit and additional discovery demonstrate that the State (i) did not have insurance applicable to Ms. Fisher's claim, and (ii) did not waive its sovereign immunity.[35]  The Court will, therefore, **GRANT** the Motion and enter summary judgment in favor of Delaware.

**IT IS HEREBY ORDERED**.

Dated: February 22, 2022
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     File&ServeXpress

---

[34] *Caraballo v. Delaware Dep't of Corr.*, 2001 WL 312453, at *1 (Del. Super. Mar. 22, 2001).
[35] Ms. Fisher conceded as much in the November 22, 2021 e-mail to the Court.

6